1123 Realty, LLC v Treanor (2022 NY Slip Op 50138(U))

[*1]

1123 Realty, LLC v Treanor

2022 NY Slip Op 50138(U) [74 Misc 3d 131(A)]

Decided on February 4, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on February 4, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2021-199 K C

1123 Realty, LLC, Appellant,
against
Robert Treanor, Respondent, and "John Doe" and "Jane Doe,"
Undertenants. 

Novick, Edelstein, Pomerantz. P.C. (Gregory S. Bougopoulos of counsel), for appellant.
Brooklyn Legal Services (Joshua Elmore of counsel), for respondent.

Appeal from a decision of the Civil Court of the City of New York, Kings County (Michael
L. Weisberg, J.), dated October 16, 2019, deemed from a final judgment of that court entered
October 21, 2019 (see CPLR 5512 [a]). The final judgment, entered pursuant to the decision,
insofar as appealed from, after a nonjury trial, permanently stayed issuance of the warrant of
eviction after awarding landlord possession in a holdover summary proceeding.

ORDERED that the final judgment, insofar as appealed from, is affirmed, without costs.

The petition in this holdover proceeding alleged that the rent-stabilized tenant has caused a
nuisance by failing to abate the extreme clutter in the apartment. Following the court's visit to the
apartment and a nonjury trial, the Civil Court, in a decision dated October 16, 2019, found that
landlord had established a nuisance but because tenant had subsequently cured the condition,
tenant was entitled to a permanent stay of the issuance of the warrant of eviction. A final
judgment was entered on October 21, 2019 in accordance with the decision. Landlord's appeal
from the decision is deemed an appeal from the final judgment (see CPLR 5512 [a]).

Tenant testified that he has several disabilities and that, since this proceeding was
commenced, he had help abating the clutter in his apartment from Adult Protective Services and
several cleaning services that he hired. The Civil Court found that it was due to his disabilities,
and not any resistance or obstinacy on his part, that he had previously failed to cure the condition.
[*2]Tenant also testified that he was currently cleaning on a daily
basis, and if the maintenance he was doing was not enough, he would keep working on it and do
anything necessary to stay in the apartment. Landlord did not present any evidence to the
contrary. The Civil Court's determination to permanently stay the issuance of the warrant of
eviction was therefore not an improvident exercise of discretion (see 642-654 Whippersnapper LLC v
Mahoney, 63 Misc 3d 46, 49-50 [App Term, 1st Dept 2019]; 311 Lincoln Place Inv., LLC v
Woldmarian, 56 Misc 3d 139[A], 2017 NY Slip Op 51085[U], *2 [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2017]; Dov Glick, Inc. v Cuevas, 17 Misc 3d 137[A], 2007 NY Slip Op
52332[U] [App Term, 2d Dept, 2d & 11th Jud Dists 2007]; 169 Realty LLC v
Wolcott, 2003 NY Slip Op 51371[U] [App Term, 2d Dept, 2d & 11th Jud Dists
2003]).
We find that landlord's remaining contention, with respect to whether the medical records
were germane, was raised for the first time on appeal and not preserved for our review. We note
that, even without the medical records, there was a sufficient basis to refute any claim that tenant
was being obstinate in his previous failure to cure the condition (see Matter of Strata Realty Corp. v
Pena, 166 AD3d 401 [2018]). 
Accordingly, the final judgment, insofar as appealed from, is affirmed.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 4, 2022